REVENUE AND TAXATION
The utilization of a private vendor under contract, acting as agent for Data Processing and Planning Division, to keypunch data from motor vehicle registrations, is not a violation of 68 O.S. 205 [68-205](a) (1976), 47 O.S. 22.24 [47-22.24] (1971) being an exception thereto, or 74 O.S. 118.17 [74-118.17](A) and 74 O.S. 118.17 [74-118.17](B) (1976), however, individuals in possession of the information found in such registrations are bound by the same confidentiality as employees of the State Board of Public Affairs, Data Processing and Planning Division. The Attorney General has considered your request for an opinion wherein you ask the following question: "Would the utilization of a private vendor under contract acting as agent for Data Processing and Planning Division, to keypunch data from motor vehicle registrations, be a violation of 68 O.S. 205 [68-205](a) (1976) or 74 O.S. 118.17 [74-118.17](A) and 74 O.S. 118.17 [74-118.17](B) (1976)?" 74 O.S. 118.17 [74-118.17] provides as follows: "A. The storage of data in the state centralized data processing center operated by the State Board of Public Affairs, identified as confidential and privileged, by a serviced agency or by state statutes shall be accomplished in a manner as to preclude access to such stored information without the express authorization of the serviced agency. The storage of such information in the centralized data processing center operated by the State Board of Public Affairs shall not operate to destroy the provisions of other state statutes pertaining to the safeguard of confidential and privileged information. "B. The State Board of Public Affairs employees charged with the custody of confidential and privileged information in the administration of data processing services to other state agencies, or any other person who secured information therefrom, shall neither divulge nor disclose any information obtained except to the serviced agency." 74 O.S. 118.17 [74-118.17] (1976). Emphasis Added 68 O.S. 205 [68-205], provides as follows: " (A) The records and files of the Tax Commission concerning the administration of this article, or of any state tax law, shall be considered confidential and privileged, except as provided otherwise by law and neither the Tax Commission nor any employee engaged in the administration thereof or charged with the custody of any such records or files, nor any person who may have secured information therefrom, shall divulge or disclose any information obtained from the said records or files or from any examination or inspection of the premises or property of any person." 68 O.S. 205 [68-205] (1976). Emphasis Added The information contained in registration certificates is specifically declared to be confidential in 47 O.S. 22.24 [47-22.24] (1971) as follows: "All information contained in . . . registration certificates is hereby declared to be confidential and shall not be copied by anyone or disclosed to anyone other than employees of the Oklahoma Tax Commission in the regular course of their employment, except as follows: "(B) to other governmental agencies when required in their governmental functions; and ". . ." 47 O.S. 22.24 [47-22.24] (1971). The Data Processing and Planning Division of the State Board of Public Affairs was established: "to achieve maximum economy and efficiency in the development of a Data Processing Program, and to utilize the counsel and expertise of persons in public corporations, and other public entities who are knowledgeable in the technical and operational aspects of Data Processing Systems. One of the functions of the division is to establish a Data Processing Service Center to provide necessary services to all state agencies." 74 O.S. 118.4 [74-118.4] (1976) Emphasis Added The above provision clearly indicates that the use of public corporations by the Data Processing and Planning Division in the performance of their function was anticipated by the legislature. Therefore, the information contained in registration certificates may be disclosed to those public agencies performing Data Processing functions for the Data Processing and Planning Division. It should be noted, however, that, pursuant to 74 O.S. 118.17 [74-118.17](b) (1976), any individual to whom such information is disclosed is prohibited from divulging or disclosing any such information except to the proper governmental agencies. Finally, it is clear that an applicable federal statute, or a contractual agreement between the State of Oklahoma and the United States, which prohibits the disclosure of information to anyone but a specified class of individuals would control. No such federal statute exists which would prohibit the release of motor vehicle registration information to a public corporation acting as agent for the Data Processing and Planning Division, and we are advised that no such contractual agreement exists. It is, therefore, the opinion of the Attorney General that your question should be answered as follows: The utilization of a private vendor under contract, acting as agent for Data Processing and Planning Division, to keypunch data from motor vehicle registrations, is not a violation of 68 O.S. 205 [68-205](a) (1976) 47 O.S. 22.24 [47-22.24] (1971) being an exception thereto, or 74 O.S. 118.17 [74-118.17](A) and 74 O.S. 118.17 [74-118.17](B) (1976), however, individuals in possession of the information found in such registrations are bound by the same confidentiality as employees of the State Board of Public Affairs, Data Processing and Planning Division. (JOSEPH J. REINKE)